```
UNITED STATES DISTRICT COURT                          For Online Publication Only
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
KERWIN ROBINSON,

                        Plaintiff,

        -against-                                       ORDER
                                                        18-CV-5248 (JMA)(GRB)
STATE UNIVERSITY OF NEW YORK
et al,

                        Defendants.
--------------------------------------------------------X
```

**AZRACK, District Judge:**

On September 18, 2018, plaintiff Kerwin Robinson, through counsel Stewart Lee Karlin, commenced this action against State University of New York and Nassau Community College (collectively, "defendants.")

On April 5, 2019, Stewart Karlin filed a Motion to Withdraw as Attorney citing irreconcilable differences. On April 10, 2019, the parties appeared at a telephone conference with the undersigned. The Court issued a Minute Order granting the motion to withdraw and stayed the case for 30 days to allow the plaintiff to retain counsel, or advise the Court if he will proceed pro se. A copy of the Order was mailed to the plaintiff.

On June 10, 2019, the Court issued a Status Report Order directing the plaintiff to file a letter with the Court by July 1, 2019, advising if he has retained counsel or if he will proceed pro se. Plaintiff was warned that failure to respond to the Order could result in dismissal of the case for failure to prosecute. A copy of the Order was mailed to the plaintiff at his address listed on the docket sheet. No response was received from the plaintiff.

On July 31, 2019, the Court issued a second Status Report Order directing the plaintiff to advise the Court by August 16, 2019 if he has retained counsel or if he will proceed pro se. Plaintiff

was again warned that failure to respond to the Order could result in dismissal of the case. A copy of the Order was mailed to the plaintiff at his address on the docket sheet.

To date, plaintiff has not responded to the Court's Order or otherwise communicated with the Court or defendants.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

Plaintiff has failed to respond to the Court's Orders. The Court warned plaintiff that failure to respond could result in the dismissal of the case. Plaintiff's repeated failure to comply with the Court's orders and to diligently prosecute this case warrants dismissal. Accordingly, plaintiff's complaint is dismissed without prejudice for failure to prosecute, and the Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to the plaintiff.

**SO ORDERED.**

Dated: September 16, 2019
Central Islip, New York

                /s/ JMA
              JOAN M. AZRACK
              UNITED STATES DISTRICT JUDGE